IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**BILLY KINDREX, JR. #75981**                                                                                          **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 3:13cv98-HSO-RHW**

**TYRONE LEWIS, Sheriff**                                                                                          **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court are [2] Billy Kindrex, Jr.'s February 19, 2013 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254;[1] [14] Respondents' May 13, 2013, motion to dismiss the petition for failure to exhaust; [16] Kindrex's May 24, 2013 response to the motion to dismiss, and [16] Respondent's reply filed June 7, 2013. Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that the motion to dismiss should be granted and the petition for federal habeas relief, dismissed.

## FACTS AND PROCEDURAL HISTORY

In his petition, Kindrex alleges he was sentenced on December 7, 2007 "to serve an illegal sentence of 2 years for misdemeanor contempt of court, and a $941.00 fine," and that he was sent back to prison approximately two days after the hearing for violating the conditions of earned release supervision. [2, pp. 4-5] Kindrex states he received the sentence for contempt because he was drunk and argued with the Judge of the Jackson, Mississippi Municipal Court. [8, ¶¶ 6-7] Kindrex contends the two-year sentence is illegal because the maximum sentence a

---

[1] Kindrex originally filed a prisoner's civil rights suit pursuant to 42 U.S.C. § 1983 on March 22, 2012, raising the claims here presented. *Billy Kindrex, Jr. v. City of Jackson, et al.*, Civil Action 3:12cv704-DPJ-FKB. By order entered in that case on February 19, 2013, the habeas claims were severed from that lawsuit, and filed as the present action. The § 1983 action was thereafter dismissed for failure to state a claim, and final judgment was entered on March 28, 2013.

municipal judge is authorized to impose cannot exceed 11 months and 29 days. He asks this Court to order the City of Jackson to release him from custody [8, p. 15] and to credit time he has served on the allegedly illegal sentence against the fines he owes on judgments rendered by the Jackson Municipal Court. [2, pp. 7-8]

The records produced by Respondent show that on July 2, 2007, Kindrex was released from the custody of the Mississippi Department of Corrections (MDOC) on earned release supervision for a previous conviction which is not challenged in the present petition, and that he absconded from MDOC supervision on September 17, 2007. [14-3] He was arrested in Jackson, MS on September 23, 2007 for providing false information (case 002007187894-000-01) and possession of paraphernalia (case 002007187894-000-02). Following a November 27, 2007 hearing on these charges, the Jackson Municipal Court sentenced Kindrex to serve six months on the false information charge, and one year for the paraphernalia. [14-1]

Kindrex was charged on December 6, 2007, with providing false information (case 002007238620-000-01), expired driver's license (case 002007238620-000-02), and driving without insurance (case 002007238620-000-03). He was returned to MDOC custody on December 9, 2007 for violating the conditions of his earned release, and as a result, he did not complete serving his sentences on the November 27, 2007 convictions, and had not been sentenced on the December 6, 2007 charges. MDOC released Kindrex on May 30, 2012. [14-4]

On August 25, 2012, Kindrex was again arrested in Jackson, this time on charges of destruction of public property (case 002012173680-000-01), disorderly conduct (case 002012173680-000-02), DUI refusal (case 002012173680-000-03), leaving the scene (case 002012173680-000-04), driving with a suspended license (case 002012173680-000-05), and driving without insurance (case 002012173680-000-06). [14-5]

On March 6, 2013, Kindrex pled guilty to the three December 6, 2007 charges, and was sentenced to serve six months for false information (case 002007238620-000-01), was fined and assessed court fees of $308.00 for expired driver's license (case 002007238620-000-02), and was assessed $633.00 in court costs/fees for driving without insurance (case 002007238620-000-03). [14-2]  Kindrex states in his petition that he pled guilty to possession of paraphernalia,[2] falsifying information (giving an alias name) and driving on a suspended driver's license, and received a $941.00 fine.[3]  [8, ¶ 6]

Following an April 17, 2013 hearing on the six August 25, 2012 charges, Kindrex was found guilty on each and sentenced to serve five days concurrent for destruction of property (case 002012173680-000-01); two days concurrent with "present sentence" for disorderly conduct (case 002012173680-000-02); five days in jail and a fine and court costs/fees totaling $1,017.50 for DUI refusal (case 002012173680-000-03); a fine and court costs/fees totaling $319.00 for leaving the scene (case 002012173680-000-04); a fine and court costs/fees totaling $472.00 for driving with a suspended license (case 002012173680-000-05); and court costs and fees of $669.00 for driving without insurance (case 002012173680-000-06).  [14-5]

Although Kindrex argues he is presently serving a two-year sentence for contempt of court imposed by the Jackson Municipal Court, he has presented nothing to support the allegation.  The two years he is presently serving, according to the records of the Jackson Municipal Court, consist of the two six-month sentences for false information (cases 002007187894-000-01 and 002007238620-000-01) and the one-year sentence for possession of paraphernalia (case 002007187894-000-02).

---

[2] In fact, the paraphernalia charge was adjudicated on November 27, 2007.

[3] $308.00 + $633.00=$941.00.

Kindrex claims he has been denied due process and equal protection of the law by being given an illegal 2-year sentence on a misdemeanor contempt of court charge, that he is therefore being subjected to cruel and unusual punishment, has an illegal sentence, and is being denied the right to life, liberty and the pursuit of happiness. He admits in his petition that he has presented none of these grounds to the State courts: he sought no appeal or review in any State Court, filed no petition for certiorari in the U.S. Supreme Court, and has filed nothing whatsoever concerning this matter in any state court. [8] Throughout his petition, Kindrex alleges there is no appeal from municipal court misdemeanor convictions/sentences.

## Discussion

Under 28 U.S.C. § 2254(b)(1), one convicted in a state court "must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). To satisfy this requirement, the claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)(citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)).

Kindrex's assertion that there exist no state court remedies for misdemeanor convictions in Mississippi is simply wrong. In fact, direct appeals from justice and municipal courts are by trial *de novo* in Mississippi. Rule 5.01, *Uniform Rules of Circuit and County Court Practice* (URCCC). Within 30 days of the date of judgment, one may appeal from municipal court to the county court, or if there is no county court with jurisdiction, to the circuit court. Rule 12.02, URCCC. Kindrex could have appealed his municipal court judgment, first to the County Court of Hinds County, Mississippi, and thereafter, if necessary or desired, to the Hinds County Circuit Court and Mississippi Supreme Court. He did not do so, and the time for any appeal has long

since expired.  Kindrex has therefore procedurally defaulted his claims with respect to his municipal court convictions for purposes of federal habeas relief because he never presented them to the state courts.  *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).  His claims are unexhausted and are not properly before this Court for review.  As stated in *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), "When ... state court remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims." Since Kindrex has presented nothing to show that some objective external factor prevented him from properly appealing his judgments from the Jackson Municipal Court, there is no sufficient cause to overcome the procedural bar to allow this Court to consider his claims on the merits. *See United States v. Flores*, 981 F.2d 231, 234-35 (5th Cir. 1993); *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).  Since Kindrex has not even alleged that he is innocent of the charges for which he has been sentenced, the "fundamental miscarriage of justice" exception to the procedural bar is also unavailable to him–that  exception applies only to cases "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).

## RECOMMENDATION

Upon due consideration of the Petition, pleadings on file, and the relevant legal authority, it is the opinion of the undersigned United States Magistrate Judge that Respondent's motion to dismiss should be **GRANTED** and Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2254, **DISMISSED.**

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 29th day of October, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE